# UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| HOWARD E. MARTIN, III,<br>Plaintiff, | Case No. 1:12-cv-650 |
| vs. | Barrett, J.<br>Bowman, M.J. |
| STATE OF OHIO, et al.,<br>Defendant. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, a resident of Cincinnati, Ohio, brings this action against defendants State of Ohio, Hamilton County Prosecutor's Office; Judge Lisa C. Allen; and the Hamilton County Justice Center. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has

no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than

an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's complaint alleges injuries stemming from constitutional violations in his state court proceedings, conviction and sentence.[1] Plaintiff alleges that defendant State of Ohio, Hamilton County Prosecutor's Office "influenced the erroneous judgment that [c]ause[d] the incarceration of the Plaintiff." (Doc. 1, Complaint p. 1). He further alleges that defendant Lisa C. Allen was the judge during his trial and her judgment caused harm to his reputation and prevented him from obtaining employment. *Id.* at 2. Finally, plaintiff alleges that he was attacked multiple times by Hamilton County Justice Center staff during his incarceration. *Id.*

Plaintiff includes three causes of action in his complaint. First, he alleges discrimination based on alleged discrepancies in transcripts during appeal of his conviction. He contends "the court of appeals completed a judgment statement that is inaccurate to the facts of the case and these issues merit[] consideration." *Id*. In his second cause of action, plaintiff alleges malicious prosecution. He asserts that he did not receive a fair trial, noting that "[w]hen multiple inferences

---

[1] Although plaintiff has not provided specific information regarding the criminal case in Hamilton County, this Court "may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)); *Saint Torrance v. Firstar*, 529 F. Supp.2d 836, 838 n.1 (S.D. Ohio 2007); see also *Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)) (involving judicial notice of on-line court records). Upon review of the on-line docket records maintained by the Hamilton County Clerk of Courts, it appears that plaintiff was convicted and sentenced on April 20, 2011 to a 180 days imprisonment for making a threatening telecommunication under Ohio Rev. Code § 2917.21. Plaintiff unsuccessfully appealed to the Ohio Court of Appeals and Ohio Supreme Court prior to filing the instant complaint.

may be drawn from circumstantial evidence, any doubt must be resolved in favor of the accused." *Id.* at 3. Finally, under the heading "Habeas corpus," plaintiff indicates that he "was attacked by Correction Officers when he was fully submissive to their commands" and that he was held in the Hamilton County Justice Center for three days beyond the required punishment for his violation.

As a result of the above factual allegations, plaintiff indicates he is unable to obtain employment and has lost his home and car. *Id.* at 3-4. For relief, plaintiff requests $500,000 in punitive and compensatory damages. *Id.* at 5.

Plaintiff's complaint fails to state a claim upon which relief may be granted. First, to the extent that plaintiff seeks money damages based on an unconstitutional conviction, plaintiff's allegations fail to state a claim for relief because a ruling in plaintiff's favor would necessarily cast doubt on the validity of his conviction and sentence in the Hamilton County Municipal Court for telecommunications harassment. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005); *Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir. 1995).

In *Heck*, the Supreme Court ruled that a § 1983 civil rights action seeking money damages on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated. *Heck*, 512 U.S. at 486–87. Under *Heck*, when a successful § 1983 civil rights action for damages would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff demonstrates that the decision resulting in his confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87.

4

It appears clear from the face of the complaint that plaintiff's conviction and sentence still stand and have not been overturned or invalidated in accordance with *Heck*. Because a successful challenge against the defendants for their roles in effectuating plaintiff's prosecution and criminal conviction in Ohio would necessarily imply the invalidity of the underlying conviction and sentence, plaintiff's claims for damages are barred by *Heck.*

Second, the State of Ohio is immune from suit in this federal court. Absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). The exceptions to the Eleventh Amendment bar of suits in federal court against a state do not apply in this case. The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment rights. *See Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th Cir. 1982); *Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 681 (6th Cir. 1976); *see also Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Nor has plaintiff sued a state official seeking prospective relief for future constitutional violations. *Ex Parte Young*, 209 U.S. 123 (1908). In addition, Congress did not "explicitly and by clear language" express its intent to "abrogate the Eleventh Amendment immunity of the States" in enacting Section 1983. *See Quern v. Jordan,* 440 U.S. 332, 341-43, 345 (1979). Therefore, plaintiff's claims for relief against the State of Ohio should be dismissed.

Plaintiff's claims against the Hamilton County Prosecutor's Office must also be dismissed

5

because plaintiff seeks relief from a defendant who is immune from such relief. "Prosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'" *Manetta v. Macomb County Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This includes a county prosecutor's initiation of a prosecution and presentation of the State's case at trial. *Imbler*, 424 U.S. at 431. *See also Jones v. Shankland,* 800 F.2d 77, 80 (6th Cir. 1986). A prosecutor's initiation and presentation of a case to a grand jury falls within the traditional functions of the prosecutor and is shielded by absolute immunity. *Grant v. Hollenbach,* 870 F.2d 1135, 1139 (6th Cir. 1989). Courts have consistently recognized that even the knowing presentation of false testimony to a grand jury or a trial jury are actions protected by absolute immunity. *See Spurlock v. Thompson,* 330 F.3d 791, 797-98 (6th Cir. 2004). *See also Imbler,* 424 U.S. at 413, 430; *Buckley v. Fitzsimmons,* 509 U.S. 259, 267 n. 3 (1993). Such "absolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously." *Lomaz v. Hennosy,* 151 F.3d 493, 498 n. 7 (6th Cir. 1998).

As to his claims against Judge Lisa C. Allen, plaintiff's complaint must be dismissed because judges are afforded absolute immunity from damages for acts they commit while functioning within their judicial capacity. *Pierson v. Ray,* 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). *See also Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001); *King v. Love,* 766 F.2d 962 (6th Cir.1985). Plaintiff's complaint alleges no facts indicating that

6

defendant presided over a matter over which defendant was without subject matter jurisdiction or that she performed non-judicial acts.

Plaintiff also has not stated an actionable claim for damages against the Hamilton County Justice Center because it is not a person or legal entity capable of being sued. *See, e.g., Hawk v. Richland Cnty. Jail*, No. 1:12-cv-326, 2012 WL 2742550, at *3 (N.D. Ohio July 9, 2012) (and cases cited therein) (dismissing complaint against the county jail and sheriff's department); *Peace v. Ohio Dep't of Corr. & Rehab.*, No. 1:10-cv-1830, 2010 WL 4687727, at *2 (N.D. Ohio Nov. 10, 2010) ("Prisons are not legal entities capable of being sued."); *Huffman v. Ohio*, No. 4:09-cv-2657, 2010 WL 1539961, at *2 (N.D. Ohio Apr. 16, 2010) ("Prisons and jails are not legal entities capable of being sued.").

Finally, to the extent that plaintiff seeks a writ of habeas corpus under 28 U.S.C. § 2254, the Court does not have jurisdiction over the claim. Under 28 U.S.C. § 2254, in order for a federal court to have jurisdiction to grant a petition for a writ of habeas corpus, the petitioner must be "in custody pursuant to the judgment of a state Court." Because plaintiff does not meet the custody requirement of the habeas statute, the Court does not have jurisdiction to grant him habeas relief.

Accordingly, in sum, plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

                                          *s/ Stephanie K. Bowman*
                                          Stephanie K. Bowman
                                          United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

HOWARD E. MARTIN, III,
    Plaintiff,

vs.

STATE OF OHIO, et al.,
    Defendant.

Case No. 1:12-cv-650

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).