UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HOWARD E. MARTIN III,             CASE NO.: 1:12CV650

    Petitioner,                    Barrett, J.

v.                                 Bowman, M.J.

STATE OF OHIO, et al.,

    Respondent.

## OPINION AND ORDER

This matter is before the Court on the Magistrate Judge's September 26, 2012 Report and Recommendation ("Report"). (Doc. 4).[1] In the Report, the Magistrate Judge recommends that Petitioner's *pro se* Civil Rights Complaint ("Complaint") (Doc. 3) be dismissed for failure to state a claim upon which relief may be granted. (Doc. 4, p. 8).[2]

The parties were given proper notice pursuant to Federal Rule of Civil Procedure 72(b), including notice that the parties may waive further appeal if they fail to file objections in a timely manner. See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).[3] Petitioner has filed timely Objections to the Report. (Doc. 6).

This matter is now ripe for review. For the reasons stated below, the Court overrules Petitioner's Objections and adopts the Report.

## I.    BACKGROUND

---

[1] All document citations are to the Court's docket entry numbers.

[2] Note that the Court cites to the internal page numbers of documents rather than to the PageID or headed added by the Court's CM/ECF system.

[3] Notice was attached to the Report. (Doc. 4, p. 9).

1

As the facts are sufficiently detailed in the Report (Doc. 4, p. 3) and in the Petitioner's Complaint and Exhibits (Doc. 6; Doc. 6-1), the Court only repeats the most basic facts here.

The Hamilton County Municipal Court convicted and sentenced the Petitioner on April 20, 2011 to 180 days imprisonment for making a threatening telecommunication under Ohio Rev. Code § 2917.21. (Doc. 4, p. 3). Petitioner unsuccessfully appealed to the Ohio Court of Appeals. (Doc. 6-1, pp. 23-24). Generally summarizing his crime, the appeals court stated as follows: "In January 20[1]1, Martin [Petitioner] called the station manager at a television station where he had been terminated. When the manager answered, Martin stated, 'You're not going to live until the end of the year,' and then hung up." *State v. Martin*, No. C-110262, http://www.hamilton-co.org/appealscourt/docs/decisions/C-110262_03142012.pdf at ¶ 2 (Ohio Ct. App. Mar. 14, 2012).

After an unsuccessful appeal to the Ohio Supreme Court, *State v. Martin*, 132 Ohio St. 3d 1483 (2012), Petitioner commenced the instant civil rights action on August 24, 2012. Petitioner's Complaint, which he brings under 42 U.S.C. §§ 1983 and 1985, alleges injuries stemming from constitutional violations in his state court proceedings, convictions, and sentence. (*See generally* Doc. 3). Specifically, he alleges that Defendant State of Ohio, Hamilton County Prosecutor's Office "influenced the erroneous judgment that [c]ause[d] the incarceration of the Plaintiff." (Doc. 3, p. 1). He also alleges the Defendant Lisa C. Allen was the judge during his trial and her judgment caused harm to his reputation and prevented him from obtaining employment. (*Id.* at 2). Further, he alleges that he was attacked multiple times by Hamilton County Justice Center staff during his incarceration. (*Id.*)

Petitioner's Complaint raises three causes of action: (1) discrimination based on alleged discrepancies in transcripts during appeal of his conviction; (2) malicious prosecution based on petitioner's assertion that he did not receive a fair trial; and (3) under the heading "Habeas corpus," Petitioner asserts that he was attacked by corrections officers and was held in the Hamilton County Justice Center for three days beyond the required punishment for his violation. (Doc. 3, pp. 2-3.) Petitioner seeks relief of $500,000 for punitive and compensatory damages. (*Id.* at 5.) The Report addresses Petitioner's injuries and causes of action and concludes that each should be dismissed for failure to state a claim for which relief may be granted. (Doc. 4, pp. 4-7, 18, 21.)

## II.  STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## III.  ANALYSIS

Although Plaintiff's Objections are repetitive and disjointed, the Court construes his *pro se* objections liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S. Ct.

2197, 167 L. Ed. 2d 1081 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 251 (1976)).

    A.    **Objections as to Judge Allen**

Plaintiff appears to contend that Judge Allen violated his constitutional rights of due process and equal protection by (a) not assuming him innocent, (b) finding him guilty upon what he alleges was insufficient evidence, and (c) not providing him with a jury trial. (*See* Doc. 6). He seeks monetary damages for the alleged violations by Judge Allen. (*See* Doc. 6, p. 10; Doc. 3, p. 5).

As an initial matter, the Court agrees with the Magistrate Judge (Doc. 4, p. 4) that to the extent Plaintiff seeks money damages based on an unconstitutional conviction, his allegations fail to state a claim for relief because a ruling in his favor would necessarily cast doubt on the validity of his conviction and sentence in the Hamilton County Municipal Court for telecommunications harassment. *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994); *Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005); *Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir. 1995).[4]

The Court further agrees with the Magistrate Judge (Doc. 4, p. 6) that his claims against Judge Allen must be dismissed because judges are afforded absolute immunity from damages for acts they commit while functioning within their judicial capacity. *Pierson v. Ray*, 268 U.S. 547, 87 S. Ct. 1213, 18 L. Ed. 2d 88 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). Even if Plaintiff intends to object on the basis that Judge Allen acted in bad faith, Judge Allen still retains absolute immunity

---

[4]Although that conclusion is relevant to all Plaintiff's claims and objections relating to 42 U.S.C. § 1983 and § 1985 to the extent they imply the invalidity of his confinement, for the sake of brevity the Court mentions it here only.

from liability as long as she was performing judicial acts and has jurisdiction over the subject matter giving rise to the action before them. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); *see also Stern v. Mascio*, 262 F.3d 600, 606-07 (6th Cir. 2001); *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985). Plaintiff's objections provide no facts from which the Court can conclude that Judge Allen presided over a matter in which she lacked subject matter jurisdiction or that she performed non-judicial acts. Judge Allen therefore retained her absolute immunity. As such, Plaintiff's objections as to Judge Allen's conduct are overruled.

### B. Objections as to Hamilton County Prosecutor's Office

Plaintiff appears to contend that the Hamilton County prosecutor acted improperly during trial by "assum[ing] that the [Plaintiff] wrote the document" even though, according to Plaintiff, that assumption was incorrect and not accurate. (*See* Doc. 6, pp. 2, 5-6, 9). In support, Plaintiff cites to Ohio Revised Code § 2921.13 regarding falsification. (Doc. 6, p. 6).

As the conduct about which Plaintiff complains relates to the prosecutor's actions during the course of trial, his complaint does not undermine the Magistrate Judge's correct conclusion (Doc. 4, p. 6) that the prosecutor is immune from liability for monetary damages for conduct "'intimately associated with the judicial phase of the criminal process[,]'" and that such immunity is "not defeated by a showing that a prosecutor acted wrongfully or even maliciously" in the course of the judicial phase of the criminal process. *Manetta v. Macomb Cnty. Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998); *Lomaz v. Hennosy*, 151 F.3d 493, 498 n.7 (6th Cir. 198). *See also*

*Spurlock v. Thompson*, 330 F.3d 791, 797-98 (6th Cir. 2004). Accordingly, Plaintiff's objections as they relate to the Hamilton County Prosecutor's Office are overruled.

  **C.** **Objections as to the State of Ohio**

Plaintiff appears to contend that the State of Ohio acted improperly by providing court transcripts and an "RCIC Response" that were allegedly inaccurate. (Doc. 6, p. 6). In support, Plaintiff cites to Ohio Revised Code § 2921.13 regarding falsification. (*Id.*)

His objection does not undermine the Magistrate Judge's correct conclusion that the State of Ohio is immune from suit in this federal court and the claims against it should be dismissed. (*See* Doc. 4, p. 5). Accordingly, Plaintiff's objections as they relate to the State of Ohio are overruled.

  **D.** **Objections as to the Hamilton County Justice Center**

Plaintiff also makes factual allegations in his objections regarding the Hamilton County Justice Center, contending that they detained him longer than necessary and that he was attacked by the Hamilton County correctional officers. (Doc. 6, pp. 3-4).

Plaintiff's allegations are repetitive of those raised in the Complaint (Doc. 3), and do not undermine the Magistrate Judge's correct conclusion that Plaintiff has not stated an actionable claim for damages against the Hamilton County Justice Center because it is not a person or legal entity capable of being sued. (Doc. 4, p. 7) (citing *Hawk v. Richland Cty. Jail*, No. 1:12-cv-326, 2012 WL 2742550, at *3 (N.D. Ohio July 9, 2012); *Peace v. Ohio Dep't of Corr. & Rehab.*, No. 1:10-cv-1830, 2010 WL 4687727, at *2 (N.D. Ohio Nov. 10, 2010); *Huffman v. Ohio*, No. 4:09-cv-2657, 2010 WL 1539961, at *2 (N.D. Ohio Apr. 16, 2010)). Accordingly, Plaintiff's objections as they relate to the Hamilton County Justice Center are overruled.

E. **Objections on Habeas Corpus Grounds**

According to the Complaint, Plaintiff brings his claim under 42 U.S.C. §§ 1983, 1985, and not under 28 U.S.C. § 2254. (Doc. 3, p. 1). He nevertheless mentions with "habeas corpus" in his Complaint with respect to his allegations concerning the Hamilton County Justice Center. The Report concludes that if Plaintiff intends to assert a claim in habeas corpus, the Court does not have jurisdiction over such a claim because Plaintiff does not meet the "custody" requirement of the habeas corpus statute. (*See* Doc. 4, p. 7).

Although Plaintiff makes reference to alleged constitutional violations in his Objections, he neither makes any mention of habeas corpus nor makes any argument challenging the Magistrate Judge's Report as it relates to a habeas corpus claim. (*See* Doc. 6). Therefore, the Court finds that Plaintiff has not demonstrated that he meets the "custody" requirement of the habeas corpus statute, and thus, is unable to proceed on a habeas corpus claim here.[5]

However, the Court recognizes that the Sixth Circuit has cautioned against re-characterizing a claim as a habeas claim without giving a plaintiff fair notice and an opportunity to respond, and has further suggested that allowing a plaintiff to respond to the re-characterization in an objection to a report and recommendation may be insufficient. *See Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004); *Dotson v. Lane*,

---

[5]The Court further notes habeas corpus is not available to prisoners who are complaining only of the conditions of their confinement or mistreatment during their legal incarceration. *See Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007); *see also Brown v. Voorhies*, No. 2:07-cv-14, 2009 U.S. Dist. LEXIS 5042, at *58 (S.D. Ohio Jan. 26, 2009). Complaints concerning conditions of confinement "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Lutz*, 476 F. Supp. 2d at 718 (quoting *Maddux v. Rose*, 483 F. Supp. 661, 672 (E.D. Tenn. 1980)); *see also Brown*, 2009 U.S. Dist. LEXIS 5042, at *58.

7

360 Fed. App'x 617, 620 (6th Cir. 2010).  Here, although Plaintiff was given an opportunity to respond to the Report which addressed the potential habeas corpus claim but did not do so, the Court will follow the guidance of the Sixth Circuit and dismiss without prejudice any habeas corpus claim asserted in the Complaint.

## IV.  CONCLUSION

Having reviewed this matter *de novo* in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds the Report to be thorough, well reasoned and correct.  The Report is **ADOPTED** (Doc. 4), and Petitioner's Objections (Doc. 6) are **OVERRULED**.  It is **ORDERED** that:

1. Petitioner's Complaint (Doc. 1) is **DISMISSED** with prejudice as to the claims under 42 U.S.C. §§ 1983 and 1985 and without prejudice as to any purported habeas corpus claim.

2. The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons and the reasons set forth in the Report that an appeal of this Order would not be taken in good faith and therefore denies Plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part*, *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS SO ORDERED.**

                s/ Michael R. Barrett
                Michael R. Barrett, Judge
                United States District Court